

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

### No. 07-24-00374-CR

---

JESSE MANUEL GONZALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CR23-00022, Honorable Janelle M. Haverkamp, Presiding

---

December 8, 2025

## MEMORANDUM OPINION[1]

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Jesse Manuel Gonzales, appeals the trial court's judgment memorializing his convictions on two counts of sexual assault of a child. He presents two issues for review. We overrule each and affirm.

---

[1] Because this matter was transferred from the Second Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. *See* TEX. R. APP. P. 41.3.

*Background*

When complainant HJ was approximately fourteen years old in the fall of 2016, appellant became friends with her older siblings and began visiting their home. So too would he occasionally stay the night, playing video games with HJ's older brother.

Some months later, HJ recalled appellant coming into her room one night. He awakened her by forcing his penis into her mouth while atop her in some manner. She testified that appellant frequently would do this when staying at the abode into the night. That resulted in the victim attempting to avoid him by either staying in her tree house or taking late night walks.

Eventually, appellant visited the home less frequently as the older siblings moved away. Some years later, in November 2022, HJ encountered appellant at her place of employment and had a breakdown. That prompted her to report appellant's conduct to law enforcement.

During trial, the trial court excluded evidence the appellant sought to proffer. It consisted of an earlier sexual interaction of HJ with another individual. He too was over 17 at the time while HJ was a minor. Though it became the subject of criminal investigation at the behest of her mother, HJ asked that the prosecution be dropped, apparently due to its consensual nature. It was dropped. Yet, appellant sought to admit evidence of the liaison as an explanation for the mental trauma suffered by HJ as a result of appellant's assaults.

During another instance, appellant sought to admit photographs of himself taken about the same time as the alleged assaults. The photos were taken with and by a former girlfriend. The trial court allowed its admission but also inquired about the age of the

female when taken.  Appellant objected to the inquiry, characterizing it as conveying the trial court's opinion about whether appellant had engaged in another assault upon a minor.

### *Issue One: Exclusion of Evidence of Prior Assault*

Regarding evidence of the earlier sexual encounter, appellant maintained that it was admissible under Rule 412 of the Texas Rules of Evidence based on two exceptions within the rule.  Those exceptions permitted the admission of such evidence 1) to rebut the State's scientific and medical evidence concerning HJ's mental health concerns following the alleged assaults by appellant in the instant case, and 2) as constitutionally required.

We review the trial court's exclusion of evidence for abused discretion.  *See Page v. State*, 213 S.W.3d 332, 337 (Tex. Crim. App. 2006).  So long as the ruling falls within the zone of reasonable disagreement, it must be upheld under that standard.  *See id.*

In a sexual assault case, evidence of a victim's past sexual behavior is typically inadmissible.  *See* TEX. R. EVID. 412(a).  Yet, there are exceptions to the rule.  It may be admitted when necessary to explain or rebut scientific or medical evidence offered by the State or is constitutionally required.  *See* TEX. R. EVID. 412(b)(2)(A), (E).  Even then though, the value of the questioned evidence must outweigh the danger of unfair prejudice.  *See* TEX. R. EVID. 412(b)(3); *Hood v. State*, 944 S.W.2d 743, 746 (Tex. App.—Amarillo 1997, no pet.).  We closely scrutinize the probative value of evidence of a victim's sexual history.  *See Escobedo v. State*, Nos. 07-18-00096-CR, 07-18-00097-CR, 2019 Tex. App. LEXIS 1763, at *3–4 (Tex. App.—Amarillo Mar. 6, 2019, no pet.) (mem. op., not designated for publication); *Cofer v. State*, No. 07-04-0383-CR, 2005 Tex. App. LEXIS

3

10586, at *5 (Tex. App.—Amarillo Dec. 21, 2005, no pet.) (mem. op., not designated for publication).

Returning to the evidence at issue, the trial court understood the State's position to be that the earlier sexual encounter was "consensual" and would not be relevant to rebut the evidence that HJ had suffered mental health concerns as a consequence of appellant's assaults. In other words, the prior sexual experience could not have served as a basis for her mental health declining given their "consensual" nature (though, to be clear, the law deemed HJ too young to lawfully consent). The trial court also concluded that the evidence of the prior sexual experience was not sufficiently relevant to address what appellant deemed a prior inconsistent statement concerning HJ's different reasons for delaying her outcry against appellant.

Rule 412 places "an extremely high hurdle" to clear before evidence of past sexual behavior may be admitted. *See Lang v. State*, No. 02-22-00298-CR, 2024 Tex. App. LEXIS 515, at *18 (Tex. App.—Fort Worth Jan. 25, 2024, pet. ref'd) (mem. op., not designated for publication) (citing *Todd v. State*, 242 S.W.3d 126, 129 (Tex. App.— Texarkana 2007, pet. ref'd)). Indeed, to be admissible, the challenged evidence of sexual history "must directly address—and must clearly contradict—the State's evidence." *Todd*, 242 S.W.3d at 129.

One may reasonably label appellant's effort at bar as comparing apples to oranges. Here, the orange is the mental consequence arising from a ***non-consensual*** rape. The apple, however, is mental consequence, if any, arising for one's engaging in ***consensual*** sex. Appellant sought to use mental consequence from a consensual sex act as explanation for the mental consequence from being raped. Yet, he neglected to

4

illustrate that one engaging in a consensual sex act, even if an underaged minor, results in severe mental consequence akin to that caused by rape. Rather, he simply assumed so. But, until he illustrated that the consequences between a consensual and non-consensual act are similar, the relevance of a prior consensual sex act is nominal. And, in that case, excluding the evidence because its potential prejudice outweighs its relevance would fall within the zone of reasonable disagreement.

Appellant advances another rationale in support of admissibility of the evidence. Initially, HJ explained that the delay in reporting appellant's assaults was due to her brother's reaction to her revelation about the earlier consensual sex act. Revealing the earlier act injured HJ's relationship with her brother (who supposedly disbelieved its occurrence). So, HJ delayed in revealing appellant's assaults because she did not want to again injure her relationship with her brother. At trial, though, she testified she was scared of appellant and, for that reason, delayed making an outcry against him. So, the two explanations for her delay were inconsistent, according to appellant. And, the Confrontation Clause of the United States Constitution allegedly allowed appellant to broach that inconsistency at trial to discredit HJ's credibility.

The Sixth Amendment to the United States Constitution provides that a criminal defendant has the right to be confronted with the witnesses against him. U.S. CONST. amend. VI. This right includes the right to cross-examine a testifying State's witness with relevant, impeaching evidence that might reflect bias, interest, prejudice, inconsistent statements, traits of character affecting credibility, or evidence that might go to any impairment or disability affecting the witness' credibility. *See Lempar v. State*, 191 S.W.3d 230, 236–37 (Tex. App.—San Antonio 2005, pet. ref'd) (citing *Virts v. State*, 739

S.W.2d 25, 28-29 (Tex. Crim. App. 1987) (en banc)). However, even were we to assume the exception under Rule 412(b)(2)(E) applies here, such evidence is still subject to Rule 412(b)(3)'s balancing test, the results of which would support the trial court's exclusion of the evidence.

Revisiting that balancing test to examine the confrontation and impeachment aspects of his position on appeal, we bear in mind that the challenged evidence of the earlier sexual experience with another individual must directly address—and must clearly contradict—the State's evidence. *See Todd*, 242 S.W.3d at 129. Evidence that HJ had a past, apparently consensual, sexual experience pre-dating the allegations against appellant does little to impeach HJ's testimony that she delayed reporting the assaults out of fear of appellant. That her brother reacted negatively toward the allegations associated with HJ's previous sexual experience may have served as another reason why she delayed reporting the assaults. Moreover, the viability of one reason for delay does not necessarily pretermit or undermine the viability of the other. Both things may be true. In short, the impeachment value of the evidence concerning familial reaction to prior allegations of sexual assault is minimal and, thus, outweighed by the potential prejudice of such evidence. At the very least, it is a matter within the zone of reasonable disagreement.

Lastly, authority provides that a trial court does not err in excluding evidence of a complainant's sexual activities with third parties unless those activities are material to an issue, and the defendant raises consent as a defense. *See Evans v. State*, No. 11-13-00296-CR, 2015 Tex. App. LEXIS 3112, at *19 (Tex. App.—Eastland Mar. 31, 2015, pet. ref'd) (mem. op., not designated for publication); *Campos v. State*, No. 13-00-638-CR,

2002 Tex. App. LEXIS 2452, at *7–8 (Tex. App.—Corpus Christi Apr. 4, 2002, no pet.) (mem. op., not designated for publication); *Roberts v. State*, No. 03-96-00313-CR, 1997 Tex. App. LEXIS 3174, at *6–7 (Tex. App.—Austin June 19, 1997, no pet.) (mem. op.). Appellant did not raise the issue of consent. This too insulated the trial court's decision from allegations of abused discretion.

We overrule appellant's first issue.

### *Issue Two: Comment on the Weight of the Evidence*

As noted, appellant sought to introduce evidence that contradicted HJ's description of physical appearance at the time of the alleged assaults. To that end, he elicited testimony from a former girlfriend and also introduced photographs through the former girlfriend with the intent to undermine HJ's description of him. As these photographs were being introduced the following exchange took place among defense counsel, witness, and the trial court:

Counsel: Your Honor, at this time I would offer Defendant's Exhibit 6 and 7.

State: No objection.

Counsel: May I publish, Your Honor?

Court: Yes.

Counsel: (Displays)

Court: How old were you when these pictures were taken?

Witness: I was of legal age. I was like 19 when I worked at Starbucks.

Defense counsel sought permission to approach the bench and, once there, moved for a mistrial on the basis that the trial court's question directed at the witness was a comment on the weight of the evidence and was a violation of Article 38.05 of the Texas Code of

7

Criminal Procedure. A hearing outside the presence of the jury ensued. Ultimately, the trial court denied the motion for mistrial and noted that it would instruct the jury in its charge that the jurors are not to take any remark or ruling of the trial court as indicative of its opinion on the case. In its charge, the trial court did instruct jurors as follows:

> During your deliberations you are instructed that you should not consider the remarks, rulings or actions of the presiding judge during this trial as any indication of the court's opinion as to the existence or nonexistence of any fact or as any indication of the court's opinion as to the guilt or innocence of the defendant.

> The Texas Code of Criminal Procedure provides the following safeguard:

> In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

TEX. CODE CRIM. PROC. art. 38.05. "To constitute reversible error [under] Article 38.05 . . . the comment must be such that it is reasonably calculated to benefit the State or prejudice the defendant's rights." *Proenza v. State*, 541 S.W.3d 786, 791 (Tex. Crim. App. 2017). That is, a trial court improperly comments on the weight of the evidence when it implies approval of the State's argument, indicates disbelief in the defense's position, or diminishes the credibility of the defense's approach to the case. *Arevalo v. State*, 675 S.W.3d 833, 857 (Tex. App.—Eastland 2023, no pet.). A mistrial is appropriate for only "highly prejudicial and incurable errors," and a trial court's denial of a motion for mistrial is reviewed under an abuse-of-discretion standard. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003).

We begin by examining the context in which the trial court asked this question of the testifying witness. Again, appellant had earlier offered into evidence an explicit

8

photograph showing his pubic region during intercourse with his fiancée. He apparently did so to contradict HJ's characterization of appellant as having a very hairy groin area. From the record, one can infer the sequence of comments and events unfolding at trial. They indicate that the trial court had not inspected the photographs prior to admitting them, there having been no objection advanced at their proffer and only asking to see them after the controversy arose. But likely reminded of the previously admitted explicit photograph of appellant's genital region, the trial court inquired into the age of the former girlfriend. It later explained that it wanted to assure that the photos were not "illegal." In other words, it belatedly wanted to assure that they did not depict a minor in a sexual situation. More importantly, the former girlfriend responded to the court's question. That response consisted of her revealing she was nineteen at the time, or otherwise of age to consent. That ended the inquiry.

One must remember that the case involved non-consensual sex with a minor. Under that circumstance, we can see that a trial court would wish to proceed cautiously to avoid potentially admitting photos of appellant engaging in another sex act with a young woman. Indeed, preventing the witness from inadvertently interjecting into one prosecution the risk for another against appellant would be a course of action reasonable jurists could pursue. The same is no less true about intending to insulate from public display pictures of a minor engaging in a sexual act. It may be that more discreet modes of vitiating those risks could have been pursued. Yet, the witness's answer ended them. It dispelled any notion that appellant happened to be engaging in sex with a minor when the photographs were taken. So too did the one question and answer end the situation; that is, the matter was dropped.

9

Thereafter, the trial court instructed the jury to not consider its remarks, rulings, and actions "as any indication of the court's opinion as to the existence or nonexistence of any fact or as any indication of the court's opinion as to the guilt or innocence of the defendant."  This is of import since "[a]n instruction to disregard is generally sufficient to cure error from an improper judicial comment." *Proenza v. State*, 541 S.W.3d 786, 811-12 (Tex. Crim. App. 2017).  Assuming *arguendo* that the trial court's question could be read as a comment on the evidence, we view nothing in it (when coupled with the witness's answer) so extreme or so manifestly improper as to overcome the effect of an ameliorative instruction like that provided at bar.  And, we presume the jury followed court instructions when, as here, no evidence suggests the jurors did not.  *See Kirk v. State*, 199 S.W.3d 467, 479 (Tex. App.—Fort Worth 2006, pet. ref'd).  Having reviewed the trial court's denial of mistrial for an abuse of discretion, we find none and overrule the issue.

The trial court's judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.